Miller v Falco (2019 NY Slip Op 01588)





Miller v Falco


2019 NY Slip Op 01588


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-00547
 (Index No. 609001/16)

[*1]Raheem Miller, et al., appellants, et al., plaintiff,
v
Anthony Falco, etc., respondent.


The Law Offices of Christopher J. Cassar, P.C., Huntington, NY, for appellants.
Ganfer & Shore, LLP, New York, NY (Steven J. Shore, Ira Brad Matetsky, and William A. Jaskola of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the plaintiffs Raheem Miller and Mia Renee Miller appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated December 14, 2016. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and granted that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs and their attorney to the extent of setting the matter down for a hearing on the amount of such sanction.
ORDERED that the appeal is dismissed, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal from so much of the order as granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint terminated with the entry of the judgment in the action (Miller v Falco, ____AD3d____ [Appellate Division Docket No. 2018-00304; decided herewith]; see Matter of Aho , 39 NY2d 241), and no appeal lies as of right from an order which directs a hearing to aid in the determination of a motion. The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court